**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **THOMAS E. NEWBY, II, #49588,** )<br> )<br>**Plaintiff,** )<br> )<br>**vs.** )<br> )<br>**MADISON COUNTY COURTS,** )<br> )<br>**Defendant.** ) | **Case No. 16-cv-0062-NJR** |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Thomas E. Newby, II, a pretrial detainee at Madison County Jail ("Jail"), brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon initial review, the Court finds a

number of defects in the complaint and concludes that this action must be dismissed.

The complaint states that Plaintiff has suffered mental distress because he was not able to attend his grandfather's funeral. (Doc. 1, p. 4). Plaintiff claims that his mental anguish over this incident has caused him to suffer sleeplessness and a loss of appetite. *Id*. Plaintiff is particularly upset because other inmates have been granted furloughs, yet he never received even a reply from his attorney regarding his request for compassionate leave. *Id*. at 5.

Plaintiff's loss is terribly unfortunate. The loss of a loved one under even the best of circumstances can cause tremendous pain and suffering. And it is understandable that Plaintiff is upset that he was not able to grieve the loss of his grandfather with his family at his grandfather's funeral. Plaintiff is not, however, entitled to relief under the Federal Tort Claims Act ("FTCA").

Plaintiff indicated on the court-provided complaint form that he seeks to bring this action under the FTCA. (*See* Doc. 1, p. 1). The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. The only named defendant in this case, Madison County Courts, is an arm of the State of Illinois. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA.

Even if the Court were to liberally construe the complaint as stating a civil rights claim under 42 U.S.C. § 1983, the Court finds that Plaintiff's complaint would still be subject to dismissal for the several reasons.

First, the only defendant named in the complaint is Madison County Courts. Setting aside the fact that Plaintiff has failed to explain how or why his request for compassionate leave was denied,[1] as well as who was personally responsible for the denial, under no circumstances can

---

[1] The Seventh Circuit has left open the possibility that the denial of a funeral furlough may rise to the level of cruel and unusual punishment "if the granting of such leave were customary and prison officials denied it on a particular occasion or to a particular prisoner in order to cause psychological distress, or with deliberate indifference to his mental health." *See Thomas v. Farley,* 31 F.3d 557, 559 (7th Cir. 1994). But nowhere in the complaint does Plaintiff

Plaintiff proceed against Madison County Courts. Madison County Courts is a non-suable entity. The Madison County Courts is part of the judicial branch of the Illinois state government and is, therefore, considered an arm of the state. The Eleventh Amendment bars suits against states in federal court for money damages. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Moreover, "Madison County Courts" is not considered a "person," and, therefore, is not subject to suit under § 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, Plaintiff cannot maintain a civil rights action for money damages pursuant to 42 U.S.C. § 1983 against Madison County Courts.

In addition, even if Plaintiff was able to identify a specific individual employed by the Madison County Courts who was personally responsible for denying his request for compassionate leave, it is likely that person would enjoy either absolute or qualified immunity to a civil suit for damages under § 1983. For example, a judge who is sued solely for a judicial act, such as granting or denying a funeral furlough, is protected by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

For these reasons, Plaintiff's complaint shall be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) fails to state a claim upon which relief may be granted, and this action is **DISMISSED** in its entirety without prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action

---

suggest that jail officials were responsible for the denial of his compassionate leave request. He likewise does not assert that leave was denied in order to cause him mental harm.

was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

        If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) tolls the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

        The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

        **IT IS SO ORDERED.**

        **DATED:  February 16, 2016**

                                    **NANCY J. ROSENSTENGEL**
                                    **United States District Judge**